UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| OLAN ADAIR HOSKINS and )<br>MARIE ELIZABETH HOSKINS, )<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>FEDERAL NATIONAL )<br>MORTGAGE ASSOCIATION. )<br>)<br>  Defendant. ) | Civil No. 15-21-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The facts in this matter are undisputed and mostly a matter of public record. The case arises out of the ownership and conveyances of property located at 118 Ruffian Trail, Corbin, Kentucky. At the moment, both the Plaintiffs, the Hoskins, and the Defendant, Federal National Mortgage Association ("Fannie Mae"), claim an interest in that property. The Hoskins now sue to quiet title. For the reasons stated herein, Fannie Mae's motion to dismiss will be granted.

**I**

On July 9, 1999, Carl Michael and Karen B. Deaton conveyed 118 Ruffian Trail, to Stephen and Barbara Schuellein. [R. 3-2.] The deed described the property using its street address, but also as being "Lot No. 185 of the Tattersall Trails Estate in Whitley County." [R. 3-2 at 1.] Two years later, on July 10, 2001, the Schuelleins conveyed the property to Jesse and Rose Bryant. [R. 3-3 at 1.] Again, the property was described using its street address. Furthermore, the deed referred to the earlier conveyance between the Deatons and the Schuelleins. [R. 3-3 at 1.] Unfortunately, instead of accurately

referring to the property as "Lot No. 185," the legal description misstated that the property being conveyed was "Lot No. 187 of the Tattersall Trails Estates in Whitley County." [R. 3-3 at 1.]  There is no dispute that this was error. [R. 3 at 3 (referring to scrivener's error); R. 7 at 4 ("The deed and mortgage…misidentified the property as Lot 187...")].

On December 15, 2005, the Bryants took out a mortgage on the property. [R. 3-4.]  The legal description accompanying the mortgage mirrored the legal description in the deed transferring the property from the Schuelleins to the Bryants.  Again, the property was further described as the property "More Commonly Known As: 118 Ruffian Trail Corbin, KY 40701," and the mortgage referred to it as the "SAME PREMISES CONVEYED TO [THE BRYANTS] BY DEED DATED JULY 10, 2001." [R. 3-4.] Unfortunately, nobody caught the error.

On June 3, 2013, a Foreclosure Judgment was entered against the Bryants in Whitley County Circuit Court. [R. 3-5.]  Again, the property was correctly identified as the property at "118 Ruffian Trail Corbin, KY 40701," but the legal description again mistakenly referred to lot 187, rather than lot 185. [R. 3-5.]  On August 5, 2013, Fannie Mae purchased the property from the Master Commissioner. [R. 3-6 at 1].  The master commissioner's deed was recorded in the Whitley County Clerk's office on September 26, 2013. [R. 3-6.]  Again, the deed correctly identified the property as the property at "118 Ruffian Trail Corbin, KY 40701," and further noted it was the "SAME PREMISES CONVEYED TO [THE BRYANTS] BY DEED DATED JULY 10, 2001." [R. 3-6 at 2.] Again, it misidentified the lot as being "LOT NUMBER ONE HUNDRED EIGHTY-SEVEN (187) OF THE TATTERSALL TRAILS ESTATES." [R. 3-6 at 2.]

A few months later, on December 12, 2013, the Hoskins obtained a quitclaim deed for "LOT NUMBER ONE HUNDRED EIGHTY-FIVE (185)" from the Schuelleins [R. 3-7.] The quitclaim deed was recorded with the Whitley County Clerk's office, identified the property as being the property acquired by the Schuelleins from the Deatons and, as noted above, correctly identified the lot number. [R. 3-7 at 2.] With the exception of the lot number, the description in the Hoskins' quitclaim deed is similar in all regards to the legal description contained in Fannie Mae's deed from the master commissioner. The Hoskins' quitclaim deed explicitly recognizes the scrivener's error, noting that the Schelleins had "intended to convey" the property to the Bryants, but that the deed had "contain[ed] an erroneous description of the subject property, identifying said property as Lot Number 187 of the Tattersall Trails subdivision development notwithstanding that the subject property actually consists of Lot Number 185." [R. 3-7 at 1-2.]

On January 20, 2015, the Hoskins sued Fannie Mae in Whitley Circuit Court, asking the Court to quiet title to the property at 118 Ruffian Trail Corbin, KY 40701. [R. 1-3.] Fannie Mae subsequently removed this action on the basis of diversity jurisdiction. [R. 1.] Who has a superior claim to the land is the subject of the present dispute.

## II

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint which fails to state a claim upon with relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "accept[s] all the Plaintiffs' factual allegations as true and construe[s] the complaint in the light most favorable to the Plaintiffs." *Hill v. Blue Cross & Blue Shield of Mich.,* 409 F.3d 710, 716 (6th Cir. 2005). To properly state a

claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Additionally, as is now well known, the Supreme Court has clarified that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In amassing sufficient factual matter, plaintiffs need not provide "detailed factual allegations," but must advance "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," or "a formulaic recitation of the elements of a cause of action." *Id*. (citing *Twombly*, 550 U.S. at 555). Though courts must accept all factual assertions as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (citing *Twombly*, 550 U.S. at 556). Thus, it is incumbent upon the Court to first sort through the plaintiff's complaint and separate the real factual allegations, which are accepted as true and contribute to the viability of the plaintiff's claim, from the legal conclusions that are only masquerading as facts and need not be accepted.

Once the Court has discarded the legal conclusions, the question becomes whether the actual remaining facts state a plausible claim for relief. Plaintiffs do not succeed in making a claim plausible by adorning to their complaints with facts creating a "sheer possibility that a defendant has acted unlawfully" or facts that are "merely consistent with a defendant's liability." *Id*. (citing *Twombly*, 550 U.S. at 557). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

As a preliminary matter, the Hoskins argue that Fannie Mae inappropriately relies on orders, deeds, and judgments from the Whitley County Circuit Court in their motion to dismiss. [R. 7 at 2.] This is a misconception, as "[m]atters of public record may be considered on a motion to dismiss." *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 927 (6th Cir. 2013). As the Sixth Circuit has explained:

> When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, **public records**, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added) (citing *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001)); *see also Washington v. BAC Home Loans Servicing, L.P.*, 2013 WL 5476023, at *2 (E.D. Mich. Oct. 2, 2013) (considering mortgages and deeds affixed to Defendant's motion for judgment on the pleadings); *Euton v. City of Dayton*, No. CIV. A. 04258 DLB, 2009 WL 3177625, at *3 (E.D. Ky. Sept. 30, 2009) ("Ordinarily, federal district courts may not consider matters outside the four corners of the complaint while reviewing Rule 12 motions, but courts may take judicial notice of matters of public record without converting the motion to dismiss into a summary judgment motion."); *Haffey v. Mortgage Elec. Registration Sys.*, No. CIV.A. 08-456-JBC, 2010 WL 996474, at *1 (E.D. Ky. Mar. 16, 2010) (quoting W*yser–Pratte Mgmt. Co. v. Texlon Corp.,* 413 F.3d 553, 560 (6th Cir. 2005) ("In addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice.") As all the affixed exhibits are matters of public record, they are appropriately considered.

**1**

The Hoskins argue that "Lot Number 185 was neither conveyed nor mortgaged" from the Schuelleins to the Bryants in 2001, since the deed "misidentified the property at Lot Number 187 of the Tattersall Trails development" and nobody noticed the error. [R. 7.] They now seek to quiet title to that property. While not cited by the Hoskins, the statutory authority for prosecuting a quiet title action in Kentucky is codified at KRS 411.120, which provides that "[a]ny person having both the legal title and possession of land may prosecute suit, by petition in equity…against any other person setting up a claim to it." *See also Haws v. Short*, Ky., 304 S.W.2d 924, 925 (Ky.1957). When an action is brought under this title, "[t]he defendant is not required to produce any proof until the plaintiff has come forward with some legally sufficient proof that establishes both the plaintiff's possession and title to the disputed land." *Francis v. Francis*, No. 2012-CA-000834-MR, 2014 WL 2632526, at *2 (Ky. Ct. App. June 13, 2014). A "Plaintiff prosecuting a quiet title action 'must recover on the strength of his title and not upon the weakness of his adversary's title, or the fact that his opponent has no title.'" *Id*. (quoting *Gabbard v. Lunsford,* 215 S.W.2d 985, 986 (Ky.1948)).

**a**

First, the Hoskins do not allege that they are in possession of the property. Far from it, they complain "[t]he defendant…continues to trespass upon said property by occupying said dwelling…" [R. 1 at ¶ 6.] Kentucky Courts have long held that "in order to maintain an action to quiet title, [a] plaintiff must allege and prove he is in actual possession." *Haws*, 304 S.W.2d at 925; *Noland v. Wise*, 259 S.W.2d 46, 48 (Ky. 1953) ("It is fundamental that in an action to quiet title the plaintiff must allege and prove both

title and possession.") There is an exception to this rule when it is alleged that the defendant acted fraudulently in obtaining title. *See Acree v. Kentucky May Coal Co.*, 2012 WL 3143926, at *2 (Ky. Ct. App. Aug. 3, 2012). Where, as here, there is no evidence in the record to suggest that the defendants obtained the title by fraud, the exception does not apply and so the plaintiff must be in possession of the property if they seek to quiet title. *Id*.

**b**

Second, even if the Hoskins could overcome the fact that they are not in possession of the property, they cannot demonstrate they have legal title.[1] The Hoskins claim their interest by way of a quitclaim deed. [*See* R. 3-7.] A quitclaim deed is "[a]n instrument which merely purports to convey the right, title, and interest of the grantor." *Arnett v. Stephens*, 251 S.W. 947, 951 (1923) (citations omitted). Long ago, Kentucky's highest court explained that:

> A bona fide purchaser of a quitclaim title only is not protected, while the bona fide purchaser of a legal title is secure.
>
> The doctrine which protects a bona fide purchaser without notice is applicable solely to purchasers of a legal title; the purchaser of an equitable interest purchases at his peril, and acquires the property burdened with every prior equity charged upon it. Where, therefore, a party, having, at most, an equitable estate in lands the legal title to which is in a trustee for a syndicate, mortgages such lands, the mortgage is void.

*Id*. at 951 (quotations omitted). "In actions to quiet title to disputed realty, a trial court has a duty to ascertain which of the possible owners has the strongest claim of title."

---

[1] The Hoskins completely failed to respond to the arguments advanced in Fannie Mae's motion to dismiss. Instead, the Hoskins confusingly mischaracterize Fannie Mae's motion as being based on a theory of unjust enrichment. [R. 7 at 6-8.] Despite the temptation to believe that such obfuscation is the substantial equivalent of waiver, the Court will nevertheless endeavor to address Fannie Mae's arguments.

*Arnold v. Patterson*, 229 S.W.3d 923, 924 (Ky. Ct. App. 2007) (citing *Crawley v. Mackey,* 143 S.W.2d 171, 174 (1940)).

In this case it is indisputable that Fannie Mae has the strongest claim of title.  The fact that the lot number was mistakenly miscopied in 2001 does not destroy Fannie Mae's legal title.  Under Kentucky law a deed is not invalid for lack of a sufficient description if it "furnishe[s] on its face marks by which the land intended to be embraced can be identified."  *Baker v. Mortgage Electronic Registration Systems, Inc*., 2007 WL 3227573, at *5 (Ky. Ct. App. Nov. 2, 2007).  Put another way, a deed will not be voided unless "the description is so uncertain as to be meaningless and the instrument supplies nothing to enable the premises to be identified."  *Saulsberry v. Saulsberry*, 121 F.2d 318, 322 (6th Cir. 1941).  There is no question in this case that the description in the deed conveying the land to Fannie Mae was sufficient.  First, the master commissioner's deed correctly identified the property by its address.  *See In re Rothacre*, 326 B.R. 398, 400 (Bankr. E.D. Ky. 2005) ("a property address is sufficient to put third parties on at least inquiry notice of a mortgagee's interest in property").  Second, while the Court believes that the master commissioner's deed's description was independently sufficient to identify the property, it is worth noting that the deed referenced it was conveying "the same premises [previously] conveyed to [the Bryants] . . . by deed dated July 10, 2001 and recorded in deed volume 428, page 45 of the Whitley County, Kentucky Clerk's Office."  [R. 3-6 at 2.]  Had one gone back to review the earlier deeds attached to this property, they could have easily traced back to the Deaton's deed which had correctly conveyed lot number 185.  *See U.S. Bank, N.A. v. Lynd*, No. 2010-CA-000060-MR, 2011 WL 1900209, at *3 (Ky. Ct. App. May 20, 2011) (citing *Bland v. Kentucky Coal Corp.,* 206 S.W.2d 62, 63

(Ky.1947) ("Where a deed refers to an antecedent, recorded deed for a particular description of the property, the description contained in the recorded deed must be read into the description contained in the deed under examination to identify the property conveyed.")

It is also well accepted that where a grantor, such as the Schuelleins, execute and deliver a deed, their subsequent conveyances are ineffective. *See McGuire v. Owens*, 300 S.W.2d 556, 557 (Ky. 1957). When the Hoskins acquired their quitclaim deed they were on notice, first, that the Schuelleins did not possess a legal interest in the property and, second, were at least on constructive notice of Fannie Mae's interest in the property. *See State St. Bank & Trust Co. of Boston v. Heck's, Inc.*, 963 S.W.2d 626, 630 (Ky. 1998), as corrected (Mar. 19, 1998) ("[C]onstructive notice is established by mere proof that a valid interest in real property is properly recorded in the office of a county court clerk.")

For the reasons stated above, Fannie Mae clearly has superior title. To hold otherwise would provide the Hoskins a windfall that is both contrary to fairness and inconsistent with Kentucky law. *See Babb v. Dowdy*, 229 Ky. 767, 17 S.W.2d 1014, 1016 (1929) ("[W]hen the terms are sufficient to express the intention of the parties; and to this end a liberal construction is given a deed inartificially and untechnically drawn; the construction to be given such a deed and the intention of the parties to it is to be gathered from a fair consideration of the entire instrument.")

### III

The Hoskins have failed to state a plausible claim for relief. Quite to the contrary, the complaint confirms that the Hoskins do not possess the property whose title they seek to have quieted. Even if they did, they do not present "factual content that [could]

allow[] the Court to draw the reasonable inference that [Fannie Mae] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). Fannie Mae possesses valid legal title to the property at 118 Ruffian Trail, Corbin, Kentucky. The Hoskins claims to the contrary are without merit.

Accordingly, for the aforementioned reasons, it is hereby **ORDERED** as follows:

1. The Defendant's motion to dismiss [R. 3] is **GRANTED**;

2. The Plaintiff's claims are **DISMISSED**;

3. All claims being resolved, the Court will enter an appropriate **JUDGMENT**, and

4. This case is **STRICKEN** from the active docket.

This 25th day of August, 2015.



Signed By:
Gregory F. Van Tatenhove
United States District Judge